**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**FIREMAN'S FUND INSURANCE COMPANY,**

Plaintiff,

and

**THE TRAVELERS INDEMNITY COMPANY, AMERICAN ECONOMY INSURANCE COMPANY, AMERICAN INTERNATIONAL RECOVERY, INC., and HOME VIDEO OF MINNEAPOLIS, INC.,**

Plaintiff-Intervenors,

v.

**CANON U.S.A., INC.,**

Defendant.

Civil No. 01-1954 (DSD/JGL)

**O R D E R**

---

APPEARANCES

Michael Rowley, Esq., for Plaintiff-Intervenor American Economy Insurance Company

Timothy E. Branson, Esq., and Dean C. Eyler, Esq., for Defendant Canon U.S.A., Inc.

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on November 4, 2002 on Plaintiff-Intervenor American Economy Insurance Company's Motion to Compel Discovery (Doc. No. 58). The case has been referred to the undersigned for

FILED 11-6-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

On October 16, 2000, an extensive fire occurred at a shopping center located at 80 North Snelling Avenue in St. Paul, Minnesota. The fire originated in a Home Video store and caused damage to several stores and to the shopping center. Several different fire insurers paid covered losses to store and mall owners. The insurers, Plaintiff-Intervenors Fireman's Fund Insurance Company, Travelers Indemnity Company, American Economy Insurance Company, American International Recovery, Inc. (collectively, along with Home Video of Minneapolis, Inc., "Plaintiffs") brought suit against Defendant Canon U.S.A., Inc. ("Canon"), alleging that design and manufacturing defects in a Canon copier caused the fire.

In the instant motion, Plaintiff-Intervenor American Economy Insurance Company ("American Economy") moves the Court for an order compelling Canon to answer interrogatories regarding past claims and defects with the copy machine model at issue in this litigation. Interrogatory No. 6 asks about Canon's awareness "of any danger or hazard, or defect or defective condition in the use or operation of the copier or other copiers similar or identical to the copier at issue in this action prior to the time of the incident." Interrogatory No. 7 asks Canon to describe every oral or written complaint or report alleging that an accident occurred involving copiers similar or identical

to the copier at issue. Canon objected to the interrogatories primarily on the basis that they were vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. American Economy then narrowed the scope of the interrogatories to known dangers, defects, hazards, complaints, or information about the copier's power cord, power supply, electrical connections, power and electrical printed circuit boards, main circuit board, pre-heat assembly, fixing assembly, scanner, lens, main drive assemblies, paper pick-up and feeding system, safety devices such as TCO's and fuses, or overheated or underrated components. Canon renewed its objections, asserting it would have to produce every oral or written complaint about clearly irrelevant events such as paper jam accidents and problems with the scanner mechanism that moves across the glass. Canon notes that Plaintiffs have not identified a single design or manufacturing defect with the copier, which would help Canon limit its response to relevant complaints or reports, despite so being ordered by this Court on August 20, 2002.

In August, this Court did order Plaintiffs to identify the design and manufacturing defects they claim existed in the copier. Recognizing that expert reports were not due until November 1, 2002, the Court nevertheless ordered Plaintiffs to provide Canon with non-expert, factual information regarding their theory of the case. The Court agreed with Canon argument that fact discovery

could not go forward effectively until Canon knew which design and manufacturing defects were at issue. Now, it is Plaintiffs' own failure to comply with the Court's order that has caused Canon's inability to produce relevant information in response to the interrogatories. While Plaintiffs are certainly entitled to some of the evidence they seek, they are not entitled to the broad categories of information they have requested.

Plaintiffs' failure to identify the alleged manufacturing and design defects certainly complicates the Court's ability to frame appropriate parameters for the interrogatories. However, after considering the issues in the case and Plaintiffs' expert statement submitted to the Court at the hearing, the Court will order Canon to respond to the interrogatories as follows. The scope of the interrogatories is narrowed to include only complaints, reports, or Canon's awareness of smoke, a fire, a known design defect, or a known manufacturing defect related to the power cord, power supply, electrical connections, power and electrical printed circuit boards, main circuit board, pre-heat assembly, fixing assembly, scanner, lens, main drive assemblies, paper pick-up and feeding system, safety devices such as TCO's and fuses, or

overheated or underrated components of copiers similar or identical to the copier at issue.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff-Intervenor American Economy Insurance Company's Motion to Compel Discovery (Doc. No. 58) is **GRANTED** in that Canon must produce complaints, reports, or Canon's awareness of smoke, a fire, a known design defect, or a known manufacturing defect related to the power cord, power supply, electrical connections, power and electrical printed circuit boards, main circuit board, pre-heat assembly, fixing assembly, scanner, lens, main drive assemblies, paper pick-up and feeding system, safety devices such as TCO's and fuses, or overheated or underrated components of copiers similar or identical to the copier at issue. Canon's response is due by November 27, 2002.

Dated: November 6, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge